#### UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSEPH HERRING, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>RS TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No.: 24-cv-524<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337. Defendant purposely availed itself of the benefit of Wisconsin law by soliciting the employment of a Wisconsin resident within Wisconsin for the purpose of employing such person from Wisconsin, and Defendant further directed communications toward a Wisconsin resident in connection with prospective employment.

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district and the parties reside and do business in this judicial district.

## PARTIES

4. Plaintiff Joseph Herring is an individual who resides in Rock County, Wisconsin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant RS Technologies, Inc. ("RS Tech") is a foreign business corporation with its principal place of business located at 1586 East Venture Drive, St. George, UT 84790.

7. RS Tech is a leading designer and manufacturer of composite utility poles, used in transmission, distribution, and substations in the electrical and communications industries. RS Tech has over 450 customers across 28 countries, and, upon information and belief, has an annual revenue of roughly $8 million.

8. RS Tech is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTS

9. In or around June 2023, Plaintiff submitted an application to RS Tech in response to an online advertisement he saw posted from Wisconsin for a position listed as "HR Manager, Talent & Development." Plaintiff completed the interview process remotely, after which Plaintiff received an offer of employment on June 22, 2023. A copy of the offer of employment is attached to this Complaint as Exhibit A.

10. The offer of employment was contingent upon passing a background check. Plaintiff signed and returned the offer of employment and a written authorization to submit to a background check on the same day he received the offer of employment.

11. On June 28, 2023, Plaintiff received notice from Simpliverified, LLC ("Simpliverified") a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), which indicated that RS Tech had requested his background check in connection with his offer of employment. Along with the notice, Plaintiff also received a copy of the background check which showed two misdemeanor convictions from 2013 and 2019.

12. On July 3, 2023, Plaintiff received a call from Marina Carter, the Director of Human Resources of RS Tech. During the call, Ms. Carter informed Plaintiff his offer of employment was

being rescinded due to his criminal record. Plaintiff was provided no opportunity to respond to the negative information included in the background check.

13.     15 U.S.C. § 1681b(b)(3)(A) requires employers to provide applicants with a copy of the background check and various disclosures before taking any adverse action, which includes a meaningful opportunity to respond to negative information included in background check. *See Roberston v. Allied Sols., LLC*, 902 F.3d 690 (7th Cir. 2018). "A reasonable period for the employee to respond to disputed information is not required to exceed 5 business days following the consumers receipt of the consumer report from the employer." *Kelchner v. Sycamore Manor Health Ctr.*, 305 F. Supp. 2d 429, 436 (M.D. Penn. 2004) (citing H.R. Rep. No. 103-486, at 30 (1994)); *see also Reardon v. ClosetMaid Corp.*, Case No. 08-cv-1730, 2013 U.S. Dist. LEXIS 169821 (W.D. Penn. Dec. 2, 2013); *Tyus v. United States Postal Serv.*, Case No. 15-cv-1497, 2017 U.S. Dist. LEXIS 94665 (E.D. Wis. June 20, 2017).

14.     By rescinding Plaintiff's offer of employment within five (5) days of receiving adverse information it obtained from a consumer credit report, within the meaning of 15 U.S.C. § 1681a(d), Defendant failed to allow Plaintiff a meaningful opportunity to respond to such information.

15.     If RS Tech had allowed Plaintiff a meaningful opportunity to respond he would have been able to contextualize his convictions and explain that, because his convictions were completely unrelated to his employment, Defendant was prohibited under Wisconsin law from discriminating against him on such basis. *See* Wis. Stat. §§ 111.321, 111.322(1).[1]

---

[1] Plaintiff has also submitted an administrative complaint to the Equal Rights Division of the Department of Workforce Development in connection with Defendant's unlawful discrimination. *See* Wis. Stat § 111.39. The investigation of Plaintiff's administrative complaint is currently pending as ERD Case No.: CR202400844.

16. As a result of RS Tech rescinding its offer of employment, Plaintiff suffered substantial pecuniary loss, including but not limited to the loss of the salary he was promised in connection with his offer of employment.

## **COUNT I – FCRA**

17. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

18. 15 U.S.C. § 1681b(b) governs "Conditions for Furnishing and Using Consumer Reports for Employment Purposes." 15 U.S.C. § 1681b(b)(3)(A) specifically requires employers to provide applicants with a copy of the background check and various disclosures before taking any adverse action, which includes a meaningful opportunity to respond to negative info included in background check. *Roberston v. Allied Sols., LLC*, 902 F.3d 690 (7th Cir. 2018).

19. By rescinding Plaintiff's offer of employment within five (5) days of receiving adverse information it obtained from a consumer credit report, Defendant failed to allow Plaintiff a meaningful opportunity to respond to such information.

20. 15 U.S.C. § 1681n(a) provides:

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

21. Similarly, 15 U.S.C. § 1681o(a) provides:

Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

    (1) any actual damages sustained by the consumer as a result of the failure; and

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

22. Defendant thereby violated 15 U.S.C. § 1681b(b)(3)(A).

## **CLASS ALLEGATIONS**

23. Plaintiff brings this action on behalf of a class consisting of: (a) All natural persons in the United States who received an offer of employment from RS Tech, (b) where such offer of employment was rescinded by RS Tech within five (5) days after receiving adverse information in connection with a background check, (c) from July 31, 2022 through the present.

24. The class is so numerous that joinder is impracticable. On information and belief, there are more than 40 members of the class.

25. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

26. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

28. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible

## JURY DEMAND

29. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory/liquidated damages;

(c) injunctive relief;

(d) attorney fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: July 31, 2024

**ADEMI LLP**

By: /s/ Ben J. Slatky
Ben J. Slatky (SBN 1106892)
Jesse Fruchter (SBN 1097673)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414.482.8000
Fax No.: 414.482.8001
bslatky@ademilaw.com
jfruchter@ademilaw.com